FILED
2010 Sep-22 AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2010 SEP 21 P 1:55
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE WHITLOW,** | ) | |
| | ) | **Case No.:** CV-10-AR-2570-S |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Pending in the Circuit Court of** |
| | ) | **Jefferson County, Alabama as** |
| **NATIONAL CREDIT SYSTEMS,** | ) | **Case No: CV-2010-903001** |
| **INC.; CHARTER PROPERTY** | ) | |
| **MANAGEMENT CO. INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

COMES NOW the defendant, National Credit Systems, Inc. ("National Credit"), and hereby removes the above styled action from the Circuit Court of Jefferson County, Alabama pending as Civil Action Number: CV-2010-903001, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1. The Plaintiff served National Credit with the Summons and Complaint on or about August 23, 2010.

2. Based on information and belief, as of this date, the Plaintiff has not served a summons and complaint on Charter Property Management Co., Inc. As such, Charter Property Management's consent is not required to remove this

action. *See P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546 (7th Cir. 1968).

3. The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") as well as several state law claims.

4. The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

5. Copies of all process and pleadings served upon National Credit in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit "A".

6. National Credit gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit "B", together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

**<u>Jurisdiction Based Upon Federal Question</u>**

7. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. The Complaint explicitly alleges claims against National Credit pursuant to the FDCPA.

9. The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

10. Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

11. According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

12. Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

13. When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2nd Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987)(*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own

cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.").

14. Because the Complaint explicitly alleges claims against National Credit pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

**Supplemental Jurisdiction**

15. The Complaint also alleges private nuisance, violation of the right of privacy, outrage, wantonness, intentional infliction of emotional distress, negligence, negligent and wanton training and supervision, conversion, and respondeat superior based upon state law claims.

16. To the extent these state law claims are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

17. All state law claims and allegations contained in the Complaint arise from National Credit's conduct alleged to be in violation of the FDCPA. Thus, these state law claims arise from the same case in controversy.

**Removal is Timely**

18. Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

19. The Plaintiff served National Credit with the summons and complaint on August 23, 2010. Based on information and belief, as of this date, the Plaintiff has not served a summons and complaint on defendant Charter Property Management. The consent of Charter Property Management is, therefore, not required.

20. This action became removable on August 23, 2010, when the Plaintiff served National Credit with the Summons and Complaint. This notice is timely filed.

WHEREFORE, PREMISES CONSIDERED, National Credit Systems, Inc. respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this the 21st day of September 2010.

Respectfully Submitted,

Neal D. Moore, III
Patrick W. Franklin
*Attorneys for National Credit Systems, Inc.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

**CERTIFICATE OF SERVICE**

This is to certify that on this the 21st day of September 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via US mail, postage prepaid:

W. Whitney Seals
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, Alabama 35202-0448

OF COUNSEL

# EXHIBIT "A"

| Case Action Summary - 01CV201090300100 | | | | |
|---|---|---|---|---|
| Date: | Time | Code | Comments | Operator |
| 08/18/2010 | 3:41:35 | EFILE | COMPLAINT E-FILED. | SEA030 |
| 08/18/2010 | 3:43:02 | FILE | FILED THIS DATE: 08/18/2010 (AV01) | AJA |
| 08/18/2010 | 3:43:03 | ASSJ | ASSIGNED TO JUDGE: ED RAMSEY (AV01) | AJA |
| 08/18/2010 | 3:43:04 | EORD | E-ORDER FLAG SET TO "N" (AV01) | AJA |
| 08/18/2010 | 3:43:05 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 08/18/2010 | 3:43:06 | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 08/18/2010 | 3:43:07 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 08/18/2010 | 3:43:08 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 08/18/2010 | 3:43:09 | C001 | C001 PARTY ADDED: WHITLOW MICHELLE (AV02) | AJA |
| 08/18/2010 | 3:43:10 | ATTY | LISTED AS ATTORNEY FOR C001: SEALS WALLACE WHITNE | AJA |
| 08/18/2010 | 3:43:11 | EORD | C001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 08/18/2010 | 3:43:14 | D001 | D001 PARTY ADDED: CHARTER PROPERTY MANAGEMENT COMP | AJA |
| 08/18/2010 | 3:43:15 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 08/18/2010 | 3:43:16 | SUMM | CERTIFIED MAI ISSUED: 08/18/2010 TO D001 (AV02) | AJA |
| 08/18/2010 | 3:43:17 | EORD | D001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 08/18/2010 | 3:43:20 | D002 | D002 PARTY ADDED: NATIONAL CREDIT SYSTEMS, INC. | AJA |
| 08/18/2010 | 3:43:21 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 08/18/2010 | 3:43:22 | SUMM | CERTIFIED MAI ISSUED: 08/18/2010 TO D002 (AV02) | AJA |
| 08/18/2010 | 3:43:23 | EORD | D002 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 08/18/2010 | 3:43:31 | EFILE | COMPLAINT - SUMMONS | |
| 08/23/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - C/M ON NATIONAL CREDIT SYSTEMS INC | |
| 09/01/2010 | 8:21:43 | SERC | SERVICE OF CERTIFIED MAI ON 08/23/2010 FOR D002 | TIS |

State of Alabama
Unified Judicial System

Form ARCiv-93 Rev.5/99

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: 01-CV-201

Date of Filing: 08/18/2010

ELECTRONICALLY FILED
8/18/2010 3:41 PM
CV-2010-903001.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**MICHELLE WHITLOW v. CHARTER PROPERTY MANAGEMENT COMPANY ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER** ____________

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** SEA030 8/18/2010 3:35:27 PM /s WALLACE WHITNEY SEALS

**MEDIATION REQUESTED:** ☐ **Yes** ☐ **No** ☑ **Undecided**




IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MICHELLE WHITLOW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | ______________ |
| | ) | |
| CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; There may be other entities whose true names and identities are unknown to the plaintiffs at this time, who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, the plaintiffs will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership any and all types of corporations unincorporated associations. The symbol | ) | |

by which these parties defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity".In the present action, the party defendants which the plaintiffs must include by descriptive characterization are as follows: DEFENDANT A, and B, the correct designation of the person or entity known as or doing business as CHARTER PROPERTY MANAGEMENT, CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II; DEFENDANTS C and D, the correct designation of the person or entity known as NATIONAL CREDIT SYSTEMS, INC.,; all of whose true and correct names are otherwise unknown at this time, but will be added by amendment when ascertained; )

Defendants. )

---

**COMPLAINT**

---

**COMES NOW** the Plaintiff, Michelle Whitlow in the above-

styled cause and for her Complaint against the Defendants states the following:

**STATEMENT OF THE PARTIES**

1. Plaintiff, MICHELLE WHITLOW, is over the age of nineteen (19) years and is a resident of the City of Birmingham, in Jefferson County, Alabama.

2. Defendant CHARTER PROPERTY MANAGEMENT, CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, is, upon information and belief a domestic corporation with a principal place of business in the City of Auburn in Lee, County, Alabama.

3. Defendant, NATIONAL CREDIT SYSTEMS, INC., at all times pertinent herein, is a foreign corporation or other legal entity organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Plaintiff asserts that Defendant NATIONAL CREDIT SYSTEMS, INC. is a debt collector as defined by the Fair Debt Collections and Practices Act at 15 U.S.C. §1692(a)(6).

4. Fictitious Defendants, A, B, C, and D are those individuals, entities, corporations, or

partnerships who are unknown at this time, but will be added by amendment when ascertained.[1]

5. All events herein occurred in Jefferson County, Alabama.

**STATEMENT OF FACTS**

6. During or about the years 2006-2007, Plaintiff leased an apartment at The Branch at Carson Springs, an apartment complex located in Jefferson County and owned or managed by Defendant Charter Property Management Co., Inc.

7. Sometime during 2007, Plaintiff vacated the apartment.

8. Defendant Charter Property Management Co., Inc. claimed that Plaintiff terminated her lease early and claimed resulting damages.

9. Defendant Charter Property Management Co., Inc. filed suit against Plaintiff on or about May 21, 2007 as agent for The Branch at Carson Springs. The suit was assigned case number DV-2007-2584 and was filed in the District Court of Jefferson

---

[1] Hereafter, any referral to Defendants will be to all Defendants, named and fictitious.

County, Alabama and claimed damages and attorney's fees totaling $4,692.89.

7. Plaintiff failed to answer Defendant Charter Property Management Co., Inc.'s complaint and a default judgment was taken against her on or about February 28, 2008 in the amount of $4,395.56.

8. Plaintiff's wages were garnished and her employer, The Salvation Army, paid a total of $4,472.07 in garnishment payments from May 2008 until February 2010.

9. On or about May 11, 2010, Defendant Charter Property Management Co., Inc. filed a satisfaction of judgment in its case against Plaintiff numbered DV-2007-2584.

10. On or about June 28, 2010, Defendant National Credit Systems, Inc. sent a collection letter to Plaintiff on behalf of Defendant Charter Property Management Co., Inc. claiming that Plaintiff owed Defendant Charter Property Management Co., Inc. $3,907.00. The letter, attached hereto as Exhibit A, also claimed that National Credit Systems, Inc. reported this alleged debt to the three national

credit bureaus.

11. Upon receiving this letter, Plaintiff contacted Defendant National Credit Systems, Inc. During the course of that conversation, Plaintiff explained that she had been sued and had her wages garnished and, consequently, disputed that she owed Defendant Charter Property Management Co., Inc. any money.

12. Defendant National Credit Systems, Inc.'s employee or agent stated that she would need to provide proof that she didn't owe any money.

13. Following this conversation, Plaintiff asked her supervisor at the Salvation Army, Pam Corsentino, to fax documentation showing that her wages had been garnished and that she had paid the debt. Ms. Corsentino faxed this information to Ruth Brooks, an employee or agent of National Credit Systems, Inc. on or about July 9, 2010. A copy of this correspondence without the attached payment sheets is attached hereto as Exhibit B.

14. Despite providing this proof that she had satisfied any alleged debt owed to Defendant

Charter Property Management Co., Inc., Plaintiff received a letter dated July 20, 2010, from Defendant National Credit Systems, Inc. claiming that she owed Defendant Charter Property Management Co., Inc. $772.00. This letter was faxed to Plaintiff's work and was received by a third-party prior to being given to Plaintiff.

15. Plaintiff, through counsel, wrote to Defendant National Credit Systems, Inc. and requested verification of the alleged debt claimed. In response, Plaintiff's counsel received correspondence from National Credit Systems, Inc. purporting to verify the alleged debt with "revised documentation provided by" Defendant Charter Property Management Co., Inc. This correspondence and the alleged verification of the debt is attached as Exhibit C to this Complaint.

16. The alleged debt being collected from Plaintiff is a "debt" as defined by 15 U.S.C. 1692(a)(5).

**COUNT ONE**
**PRIVATE NUISANCE**

17. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully

herein.

18. Plaintiff alleges that Defendants' intentional, malicious, and/or negligent conduct worked hurt, inconvenience, embarrassment and damage to her individually such that would affect ordinary and reasonable people.

19. Plaintiff alleges that as a direct and proximate result of Defendants' conduct the Plaintiff suffered damages as described herein below.

**COUNT TWO**
**VIOLATION OF THE RIGHT OF PRIVACY**

20. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

21. Plaintiff alleges that the Defendants and/or their agents' conduct intruded into the Plaintiff's physical solitude, private activities or seclusion by repeatedly contacting Plaintiff at her home and at work over a debt she did not owe and had paid.

22. Defendants' conduct was an intentional and wrongful intrusion into the Plaintiff's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a

person of ordinary sensibilities.

23. Plaintiff alleges that as a direct and proximate result of Defendants' invasion of their privacy the Plaintiff suffered damages as described herein below.

**COUNT THREE**
**OUTRAGE**

24. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

25. Plaintiff alleges that the Defendants' conduct as described herein was intentional and/or reckless, extreme and outrageous, and caused emotional distress such that no reasonable person could be expected to endure it.

26. Plaintiff alleges that as a direct and proximate result of the Defendants' outrageous conduct the Plaintiff has suffered damages as herein described below.

**COUNT FOUR**
**WANTONNESS**

27. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully

herein.

28. Plaintiff alleges that the Defendants, with reckless indifference to the consequences, either consciously and intentionally did committed the wrongful acts alleged herein or consciously omitted a known duty causing damage to the Plaintiffs.

29. Plaintiff alleges that as a direct and proximate result of the Defendants' wantonness the Plaintiff has suffered damages as herein described below.

**COUNT FIVE**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

31. Plaintiff alleges that the Defendants' actions alleged herein were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in

severe and extreme emotional distress.

32. Plaintiff alleges that as a direct and proximate result of the Defendants' wanton acts alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, frustration, anguish, shock, nervousness, loss of sleep and anxiety.

**COUNT SIX**
**NEGLIGENCE**

33. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

34. Plaintiff alleges that the Defendants owed a duty of reasonable care to the Plaintiff not to harm her or, at least, after being told that the Plaintiff did not owe the debt being claimed, to conduct a reasonable investigation to determine whether or not they were collecting a legitimate debt.

35. Despite owing this duty to the Plaintiff, Defendants negligently breached this duty in failing to act in a reasonably prudent manner given the circumstances.

36. Plaintiff alleges that as a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer damages.

**COUNT SEVEN**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

38. This Court has jurisdiction over Plaintiffs' claims of Defendant National Credit Systems, Inc.'s violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692k(d).

39. Upon information and belief, Defendant National Credit Systems, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40. Upon information and belief, the alleged debt sought to be collected from Plaintiff is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

41. Defendant National Credit Systems, Inc., or its agents and employees, has engaged in collection activities and practices which violate the FDCPA.

42. Defendant National Credit Systems, Inc., or its

agents and employees, engaged in conduct that violated the FDCPA.

43. As a direct and proximate cause of the Defendant National Credit Systems, Inc.'s repeated violations of the FDCPA, Plaintiff was caused to suffer damages as described herein below.

**COUNT EIGHT**
**NEGLIGENT AND/OR WANTON TRAINING AND SUPERVISION**

44. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

45. Plaintiffs allege that Defendants knew, or, had they exercised due diligence, should have known that their employees or agents who attempted to collect a debt not owed and proven not to be owed, or who represented that a debt was owed when they knew or should have known no debt was owed, were incompetent and acting in a careless, negligent and/or wanton manner.

46. The Defendants, or their employees and agents, negligently and/wantonly failed to train and supervise their agents and employees in order to prevent said improper and illegal conduct.

47. Defendant National Credit Systems, Inc., or its employees and agents, negligently, recklessly and wantonly failed to train and supervise its agents and employees on the Fair Debt Collection Practices Act as it relates to communications with consumers and third parties.

48. As a direct and proximate cause of the Defendants' negligent and/or wanton training and supervision of their employees or agents, Plaintiff was caused to suffer damages as described herein below.

**COUNT NINE**
**CONVERSION**

49. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

50. As a condition required by the lease, prior to moving into the apartment managed or owned by Defendant Charter Property Management, Co., Inc., Plaintiff paid a security deposit to Defendant Charter Property Management, Co., Inc.

51. Plaintiff was never refunded her security deposit.

52. Upon information and belief, this security deposit was not credited to the original amount claimed by

Defendant Charter Property Management, Co., Inc. in its lawsuit against her and is due to be refunded to Plaintiff.

53. Plaintiff alleges that Defendant Charter Property Management, Co., Inc. has illegally and wrongfully converted the security deposit she paid and has illegally and wrongfully refused to refund this deposit in violation of the agreement between the parties.

54. As a direct and proximate cause of the Defendant Charter Property Management, Co., Inc.'s illegal conversion of her property, Plaintiff was caused to suffer damages and is owed her security deposit.

**COUNT TEN**
**AGENCY/*RESPONDEAT SUPERIOR***

55. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

56. Upon information and belief, at all times relevant herein, Defendant National Credit Systems, Inc. acted as the agent of Defendant Charter Property Management, Co., Inc.

57. Under the doctrine of *Respondeat Superior*, Defendant Charter Property Management, Co., Inc. is liable for the wrongful conduct of its agent Defendant National Credit Systems, Inc. performed on behalf of Defendant Charter Property Management, Co., Inc. and performed in the line and scope of the principal/agent relationship that existed between the Defendants.

**DAMAGES**

58. Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, frustration, anguish, embarrassment, nervousness, loss of sleep, inconvenience, physical pain, outrage and anxiety.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages on the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary. In addition to the above, Plaintiff further demands declaratory

judgment that Defendant National Credit Systems, Inc.'s conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees from National Credit Systems, Inc. for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**CHARTER PROPERTY MANAGEMENT COMPANY, INC.**
C/O Reg. Agent Kelley Thompson
1037 Country Club Dr.
Auburn, AL 35830

**NATIONAL CREDIT SYSTEMS, INC.**
C/O C T Corporation System
2 North Jackson St., Ste. 605
Montgomery, AL 36104

# EXHIBIT "A"

DEPT. 855
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

National Credit Systems, Inc
P.O. Box 312125
Atlanta, GA 31131-2125
Phone: 404-629-2728 Toll Free: 800-459-1539

June 28, 2010

#BWNFTZF #ATL4448875210069#

MICHELLE WHITLOW
3920 CENTER ST N
BIRMINGHAM AL 35207-2503

Re: BRANCH I C/O CHARTER PROP. MGMT / 1900D

Account #: 1412040

Balance: $3907.00

Dear MICHELLE WHITLOW,

We regret that you have failed to make suitable arrangements concerning the above referenced obligation.

Be advised, our company has already reported this account to all three national credit bureaus. As reported, this negative listing may likely be affecting your ability to obtain credit, rent, or secure favorable interest rates, perhaps significantly.

However, it is not too late to work out a reasonable arrangement. We will take your individual situation into account and are willing to help you minimize the long-term negative effect on your credit rating. Once paid, our company will update your credit record to reflect this account as satisfied in full.

We urge you contact our office to begin this process and to avoid other collection remedies available under the law.

Cordially,

WILLIAM BLACK
Collection Representative
404-629-2728 800-459-1539

X 104*

7/8/10
FAX 404/344-3627
Att: Ruth Brooks

* Ms. Crow + her Direct #
404-593-020[illegible]

Please direct all correspondence to:
NATIONAL CREDIT SYSTEMS, INC., PO Box 312125, Atlanta, GA 31131-2125

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

ATL22-0828R304591-JA39-7 4

# EXHIBIT "B"




William Booth, *Founder*
Shaw Clifton, *General*
Maxwell Feener, *Territorial Commander*
Major Samuel A. Henry, *Divisional Commander*
Major Todd Smith, *Greater Birmingham Area Commander*
Major Christine Smith, *Coordinator of Women's Ministry*

# FAX

TO: **Ruth Brooks**
National Credit Systems, Inc.

FAX # 404-344-3627

FROM: **Pam Corsentino**
Human Resources Manager
Phone: 205-328-7521
Fax: 205-453-0992

Total pages: 7 (including cover page)

**SUBJECT: Account # 1412040**

Date: July 8, 2010

Ms. Michelle Whitlow has presented me with a letter that she received from National Credit Systems, Inc. which states she has not paid in full a debt to Branch I c/o Charter Prop. Mgmt / 1900D.

In March of 2008 we received a process of garnishment (case # DV 07-2584) and we complied.

Please find to follow this page a spreadsheet from Ceridian (our payroll processor) showing that the debt has been paid in full.

Pam Corsentino
Human Resources Manager
Birmingham Area Command
Birmingham, AL

cc: Employee file of Michelle Whitlow

enc: Letter from National Credit Systems, Inc. to Michelle Whitlow
Copy of Process of Garnishment
Spreadsheet from Ceridian showing proof of payment in full

# Fax Send Report

Date/Time : JUL-09-2010 02:51PM FRI
Fax Number : 2054530992
Fax Name :
Model Name : Phaser 3300MFP

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 600 | 14043443627 | 07-09 02:45PM | 05'34 | G3 | 008/008 | O.K |


EXHIBIT "C"

**National Credit Systems, Inc.**

*National Credit Systems, Inc. P.O. Box 312125 Atlanta, Ga. 31131 800-459-1539 404-629-2728*
*Monday - Thursday 8:00 am - 8:00 pm Friday 8:00 am - 5:00 pm*

---

08/10/2010

Atty W. Whitney Seals
P.O.BOX 10448
Birmingham AL 35202

AUG 16 2010

Our Client: BRANCH I C/O CHARTER PROP. MGMT
Client Account Number: 1900D
NCS Account Number: 1412040

Re Your Client: Michelle Whitlow
Balance: $772.00

Enclosed you will find revised documentation provided by our client pertaining to the above referenced account.

Please have your client remit payment on this account to National Credit Systems, Inc. at the above address.

If you have any questions concerning these documents or the above referenced account, please contact our office immediately.

Sincerely,

JIM BEACHUM
Collection Representative
404-592-0227 or
LTR 64

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

Complex Branch 1900D

**NOTICE OF CLAIM ON SECURITY DEPOSIT**

Michelle Whitlow

DATE 04/02/207

1820 Carson Road Apt 1900D

Birmingham, AL 35215

This is a notice of my intention to impose a claim in the amount of **$0.00** upon your security deposit (which may include accrued interest) You are hereby notified that you must object ***In writing*** to the deduction from your security deposit within fifteen (15) days from the time you receive this notice or I will authorize the deduction of my claim from your security deposit Your objection and a copy of this notice must be sent to

**Charter Property Management Co., Inc.**
**1037 Country Club Dr., Ste A**
**Auburn, Al 36830**

Reason for Claim Marked Below

| Amount | Reason |
|---|---|
| $570 00 | Improper Notice/Broken Lease Agreement/Eviction ✓ |
| ~~$2,995 00~~ | ~~Unpaid Rent~~ Chg Remvd |
| $0 00 | Failure to Return Keys |
| $22 00 | Missing Items |
| $60 00 | General Cleaning ✓ |
| $20 00 | Trash/Furniture Removal ✓ |
| $100 00 | Carpet Cleaning ✓ |
| $0 00 | Paint Apt/Paint Supplies |
| $0 00 | Floor Damage |
| $0 00 | Wall Damage |
| ~~$140 00~~ | ~~Miscellaneous~~ Chg Remvd |
| $0 00 | Appliance |
| $0 00 | Court Costs/Attorney Fees |
| $0 00 | |
| ~~$3,907.00~~ | **TOTAL CHARGES** $772.00 |

[XXX] *You still owe an additional* ~~$3,907.00~~ $772.00 *Your debt will be reported to the credit bureau and legal action will be taken to collect if we have not received payment or payment arrangements have not been made with in two(2) weeks of this notice*

[ ] *Refunded to you* **$0.00** *You should receive your refund with in forty-five (45) days upon receipt of this notice*

Sincerely,

Jacqueline Bowers

Collections Specialist
Charter Property Management Company Inc

Rev 01/04 cpmc




**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | ______________ |
| | ) | |
| **CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CHARTER PROPERTY MANAGEMENT, CO. INC.**

---

**COMES NOW** the Plaintiff and requests the Defendant Charter Property Management Co., Inc. (hereinafter "Charter" or "Defendant") to answer the following interrogatories:

**INSTRUCTIONS AND DEFINITIONS**

A. The term "you" or "your" or "Defendant" means Charter Property Management, Co., Inc., its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your

officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information, which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E. As used herein, "Document" and "documents" have the definition given in Rule 34 of both the Federal and the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect

"properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

F. A request to identify a document is a request to state as applicable:

1. The date of the document;
2. The type of document;
3. The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
4. The name of the employer or principal whom the signers, addressers and preparers were representing;
5. The present location of the document;
6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;
7. A summary of the contents of the document; and,
8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

**INTERROGATORIES**

1. Please identify each person that answered any of Plaintiff's discovery requests (interrogatories, requests for admission and requests for production), assisted in answering any of Plaintiff's discovery requests and/or provided any information with regard to answering any of Plaintiff's discovery requests.

**RESPONSE:**

2. Please identify what employee(s) of Charter are or were responsible for Plaintiff's account after Plaintiff vacated the apartment.

**RESPONSE:**

3. How much money did Charter receive as a result of the garnishment of Plaintiff's wages?

**RESPONSE:**

4. What were the specific damages, including specific amounts, claimed by Charter in the lawsuit it filed against Plaintiff.

**RESPONSE:**

5. What are the specific damages, including specific amounts, that Charter placed for collection with National Credit Systems, Inc. to collect from Plaintiff.

**RESPONSE:**

6. Plaintiff alleges that she faxed documentation to National Credit Systems, Inc. showing that she paid the judgment Charter had against her. Was this documentation ever provided to Charter?

**RESPONSE:**

7. What investigation, if any, did Charter perform to

determine what amount Plaintiff allegedly owed Charter prior to placing Plaintiff's alleged debt with National Credit Systems, Inc.?

**RESPONSE:**

8. What investigation, if any, did Charter perform to determine what amount Plaintiff allegedly owed Charter at any time after placing Plaintiff's alleged debt with National Credit Systems, Inc.?

**RESPONSE:**

9. Please identify the names and job titles of any employees of Charter who performed any of the investigations referenced in interrogatories 7 and 8.

**RESPONSE:**

10. Is there any indemnity agreement between the Defendants and has any Defendant sought indemnity from any other Defendant?

**RESPONSE:**

11. If Charter currently claims that Plaintiff owes it a debt, please itemize the debt claimed and state the amount claimed.

**RESPONSE:**

12. State the name and address of any and all witnesses that the Defendant has contacted in connection with this case including, but not limited to, those that are expected to testify at the trial of this case.

**RESPONSE:**

13. State the names, addresses, telephone numbers and places of employment of all persons known to this Defendant who have factual knowledge regarding the facts and circumstances involving this lawsuit.

**RESPONSE:**

14. Provide the job title and last known address of the person(s) most knowledgeable regarding the following:

(A) The person who was in charge of or supervised the collection of Plaintiff's account with Charter.

(B) The person responsible for applying Plaintiff's payments received via garnishment to her account.

(C) The person responsible for deciding that Plaintiff's account would be sent to National Credit Systems, Inc.

(D) The person responsible for communicating with National Credit Systems, Inc. after one of Charter's accounts is placed with NCS for collection.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**


ELECTRONICALLY FILED
8/18/2010 3:41 PM
CV-2010-903001.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | ______________ |
| | ) | |
| **CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT NATIONAL CREDIT SERVICES, INC.**

---

**COMES NOW** the Plaintiff and requests the Defendant National Credit Services, Inc. (hereinafter "NCS" or "Defendant") to answer the following interrogatories:

**INSTRUCTIONS AND DEFINITIONS**

A. The term "you" or "your" or "Defendant" means National Credit Services, Inc., its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or

consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information, which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E. As used herein, "Document" and "documents" have the definition given in Rule 34 of both the Federal and the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of

documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

F. A request to identify a document is a request to state as applicable:

1. The date of the document;
2. The type of document;
3. The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
4. The name of the employer or principal whom the signers, addressers and preparers were representing;
5. The present location of the document;
6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;
7. A summary of the contents of the document; and,
8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

**INTERROGATORIES**

1. Please identify each person that answered any of Plaintiff's discovery requests (interrogatories, requests for admission and requests for production), assisted in answering any of Plaintiff's discovery requests and/or provided any information with regard to answering any of Plaintiff's discovery requests.

**RESPONSE:**

2. Please identify what employee(s) of NCS are or were responsible for collection or supervision of collectors working on Plaintiff's account placed with NCS.

**RESPONSE:**

3. Plaintiff alleges that she faxed documentation to NCS showing that she paid the judgment Defendant Charter Property Management Co., Inc. ("Charter") had against her. Was this documentation ever provided by NCS to Charter?

**RESPONSE:**

4. If your response to interrogatory #3 is in the affirmative, identify who provided this information to Charter and how it was provided.

**RESPONSE:**

5. Please state the date of any communication between NCS and Defendant Charter. Specifically, identify the date of any communication, who sent and who received any communication and the substance of any communication between NCS and Defendant Charter.

**RESPONSE:**

6. What actions, if any, did NCS take to investigate or research Plaintiff's dispute of the debt

allegedly owed by her to Defendant Charter after she provided documentation showing that she had $4,472.07 garnished from her wages to pay Defendant Charter?

**RESPONSE:**

7. Please provide a list of each and every person who spoke with, called or contacted, or was called with reference to the Plaintiff and/or debtor, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to Plaintiff. State the entire, full, total conversation and whether or not an audio recording of the conversation exists.

**RESPONSE:**

8. Please state what information NCS has communicated about Plaintiff or any of Plaintiff's alleged debts to any credit bureau or credit reporting agency and state the dates said information was reported and to whom the information was reported.

**RESPONSE:**

9. Please identify the dates of an the substance of any communications from NCS to Plaintiff or anyone acting on Plaintiff's behalf with regard to the debt allegedly owed to Defendant Charter.

**RESPONSE:**

10. State the names, addresses, telephone numbers and places of employment of all persons known to NCS who have factual knowledge regarding the facts and circumstances involving this lawsuit.

**RESPONSE:**

11. State the name and address of any and all witnesses that the Defendant has contacted in

connection with this case including, but not limited to, those that are expected to testify at the trial of this case.

**RESPONSE:**

12. Please state in detail and chronologically what collection activities this Defendant engaged in with regard to Plaintiff's alleged debt starting when the account was received by this Defendant.

**RESPONSE:**

13. Provide the name the address, job title and last known address of the head of each of the following departments: collections, customer service, accounts managers, fraud, debt management service, customer communications, customer service representative training, and client communications.

**RESPONSE:**

14. Provide the job title and last known address of the person(s) most knowledgeable regarding the following:

(a) Collection activities of the Defendant;
(b) Letters or phone calls directed by the Defendant and any of their affiliates to the Plaintiff
(c) Collectors of the Defendant who had any contact with or made any communications to the Plaintiff,
(d) Collectors of the Defendant and supervisors or supervisors of said collection account manager who dealt with, reviewed or made decisions concerning the account of the Plaintiff, or who had any contact with or made any communications to the Plaintiff or regarding the Plaintiff's account
(e) Employees and managers of the Defendant who communicated with any other Defendants in this lawsuit.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**




**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | ______________ |
| | ) | |
| **CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CHARTER PROPERTY MANAGEMENT CO., INC.**

---

**COMES NOW** the Plaintiff and propounds the following requests for admission to Defendant Charter Property Management Co., Inc. (hereinafter "Charter" or "Defendant").

1. Admit or deny that Plaintiff entered into a lease agreement with respect to an apartment owned or managed by Charter.

   **RESPONSE:**

2. Admit or deny that Charter filed suit against Plaintiff in the District Court of Jefferson County Alabama seeking to collect money allegedly

owed to Charter by Plaintiff.

**RESPONSE:**

3. Admit or deny that Charter garnished Plaintiff's wages after a default judgment was entered against Plaintiff.

**RESPONSE:**

4. Admit or deny that through garnishment, Charter received $4472.07 from Plaintiff.

**RESPONSE:**

5. Admit or deny that on May 11, 2010, Charter, through counsel, filed a satisfaction of judgment in its case against Plaintiff.

**RESPONSE:**

6. Admit or deny that Charter retained or hired Defendant National Credit Systems, Inc. to collect $3,907.00 from Plaintiff.

**RESPONSE:**

7. Admit or deny that an employee or agent of National Credit Systems, Inc. contacted Charter and requested validation of the alleged debt after Plaintiff disputed the debt claimed by Charter.

**RESPONSE:**

8. Admit or deny that Charter revised the amount it claimed from Plaintiff from $3,907.00 to $772.00.

**RESPONSE:**

9. Admit or deny that all amounts due and owing to Charter were claimed in its lawsuit against Plaintiff.

**RESPONSE:**

10. Admit or deny that Plaintiff has not owed Charter any debt since May 7, 2010.

**RESPONSE:**

12. Admit or deny that Charter did not refund Plaintiff's security deposit or apply Plaintiff's security deposit to any alleged debt owed by Plaintiff to Charter.

**RESPONSE:**

13. Admit or deny that Charter knew Plaintiff had satisfied the judgment Charter had against her prior to Charter's retaining Defendant National Credit System Inc. to collect the alleged debt of Plaintiff.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**


ELECTRONICALLY FILED
8/18/2010 3:41 PM
CV-2010-903001.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NATIONAL CREDIT SYSTEMS, INC.**

---

**COMES NOW** the Plaintiff and propounds the following requests for admission to Defendant National Credit Systems, Inc. (hereinafter "NCS" or "Defendant"):

1. Admit or deny that Plaintiff disputed that she owed the $3,907.00 allegedly owed to Defendant Charter Property Management Co., Inc. ("Charter").

   **RESPONSE:**

2. Admit or deny that Plaintiff disputed that she owed the $772.00 allegedly owed to Defendant Charter.

   **RESPONSE:**

3. Admit or deny that NCS continued collection efforts even after Plaintiff disputed that she

owed the $3,907.00 allegedly owed to Defendant Charter.

**RESPONSE:**

4. Admit or deny that Plaintiff provided NCS with documentation showing that she had $4,472.07 garnished from her wages to pay Defendant Charter.

**RESPONSE:**

5. Admit or deny that NCS communicated to Defendant Charter Property Management Co., Inc. that Plaintiff claimed she paid the debt Charter was claiming.

**RESPONSE:**

6. Admit or deny that NCS sent a collection letter to (205) 453-0992 without Plaintiff's prior permission.

**RESPONSE:**

7. Admit or deny that NCS was instructed by Defendant Charter to continue debt collection efforts after Plaintiff provided documentation showing that she had $4,472.07 garnished from her wages to pay Defendant Charter.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**




**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,**<br><br>**Defendants.** | ) | **CIVIL ACTION NO:** ______________ |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT CHARTER PROPERTY MANAGEMENT CO., INC.**

---

**COMES NOW** the Plaintiff and requests the Defendant Charter Property Management Co., Inc. (hereinafter "Charter" or "Defendant") answer these requests for production.

**INSTRUCTIONS AND DEFINITIONS**

A. Plaintiff requests that Defendant produce the documents herein described and permit Plaintiff and her attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and

responsibilities.

B. Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that his attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be responsible for these documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

C. This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

D. As used herein, "Document" and "documents" have the definition given in Rule 34 of both the Federal and the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases;

document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

**REQUESTS FOR PRODUCTION**

1. Please produce any file or other documents you have with regard to Plaintiff's account and/or lease agreement with Charter.

   **RESPONSE:**

2. Please produce a copy of the lease signed by Plaintiff.

   **RESPONSE:**

3. Please produce a copy of any documents you have regarding payments received through garnishment of Plaintiff's wages after filing suit against Plaintiff.

   **RESPONSE:**

4. Please produce a copy of any inspection of Plaintiff's apartment done immediately before or right after she moved out.

   **RESPONSE:**

5. Please produce an itemized statement of what Charter claimed as damages in the lawsuit it filed against Plaintiff.

   **RESPONSE:**

6. Please produce any documents reflecting any charges incurred by Charter to repair, clean or maintain Plaintiff's apartment after Plaintiff vacated the apartment and prior to any other tenant moving in to the apartment.

**RESPONSE:**

7. Please produce a copy of any documents sent to or received from Defendant National Credit Systems, Inc. that reference Plaintiff or Plaintiff's account in any way.

**RESPONSE:**

8. Please produce a copy of any documents reflecting any communication between Charter and Plaintiff.

**RESPONSE:**

9. Please produce a copy, including any declarations page, of any insurance policy that might provide coverage to Charter for any of the allegations contained in Plaintiff's complaint.

**RESPONSE:**

10. Please produce an itemized statement of the $3,907.00 Defendant National Credit Systems, Inc. was collecting on behalf of Charter.

**RESPONSE:**

11. Please produce an itemized statement of the $772.00 Defendant National Credit Systems, Inc. was collecting on behalf of Charter.

**RESPONSE:**

12. Please produce and itemized statement of any amount currently alleged to be owed by Plaintiff to Charter.

**RESPONSE:**

13. Please produce a copy of any documents sent to or received from any person or entity with the exception of Charter's attorneys that references Plaintiff or Plaintiff's account in any way.

**RESPONSE:**

14. Please produce a copy of any documents referenced or relied on to answer any of Plaintiff's discovery propounded to Charter.

**RESPONSE:**

15. Please produce a copy of any training manuals used to train any of the employees involved with the collection of the debt allegedly owed by Plaintiff.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**




**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | ______________ |
| | ) | |
| **CHARTER PROPERTY MANAGEMENT CO. INC. AS AGENT FOR THE BRANCH AT CARSON SPRINGS, II, a corporation; NATIONAL CREDIT SYSTEMS, INC., a corporation; ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT NATIONAL CREDIT SYSTEMS, INC.**

---

**COMES NOW** the Plaintiff and requests the Defendant National Credit Systems, Inc. (hereinafter "NCS" or "Defendant") answer these requests for production.

**INSTRUCTIONS AND DEFINITIONS**

A. Plaintiff requests that Defendant produce the documents herein described and permit Plaintiff and her attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and

responsibilities.

B. Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that his attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be responsible for these documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

C. This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

D. As used herein, "Document" and "documents" have the definition given in Rule 34 of both the Federal and the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases;

document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

**REQUESTS FOR PRODUCTION**

1. Copies of each and every note, be it computer-generated, handwritten, orally recorded or part of a computer screen, noting each and every communication which in anyway references notes or documents regarding the Plaintiff on the account made the basis of this lawsuit, this request includes, but is not limited to information transmitted to credit bureaus, other credit reporting agencies, and any other Defendant in this lawsuit. This request does not include information transmitted between NCS and its attorneys.

**RESPONSE:**

2. Please produce any documents or a copy of any information regarding Plaintiff or Plaintiff's alleged debt owed to Charter Property Management Co, Inc., sent to any credit bureau or credit reporting agency.

**RESPONSE:**

3. Please produce a copy of any documents referenced or relied on to answer any of Plaintiff's discovery propounded to NCS.

**RESPONSE:**

4. Please produce a copy of any documents sent to NCS by or on behalf of Plaintiff.

**RESPONSE:**

5. Please produce a copy of any documents or other correspondence sent to Plaintiff by NCS.

**RESPONSE:**

6. All documents, records, and memoranda evidencing or relating to any and all training materials for collectors, including pamphlets, brochures, texts, manuals, and any other document, item or thing used in the training, monitoring and supervision of collection personnel that were in effect at any time in 2009-2010.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2010-903001.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**

**MICHELLE WHITLOW v. CHARTER PROPERTY MANAGEMENT COMPANY ET AL**

**NOTICE TO** CHARTER PROPERTY MANAGEMENT COMPANY, REG. AG. KELLEY THOMPSON 1037 COUNTRY CLUB DRIVE, AUBURN, AL 36830

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WALLACE WHITNEY SEALS

WHOSE ADDRESS IS PO BOX 10448, BIRMINGHAM, AL 35202

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of MICHELLE WHITLOW pursuant to the Alabama Rules of the Civil Procedure

| 8/18/2010 3:41:36 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested — /s WALLACE WHITNEY SEALS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

| ____________ | ____________ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-903001.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA

MICHELLE WHITLOW v. CHARTER PROPERTY MANAGEMENT COMPANY ET AL

NOTICE TO NATIONAL CREDIT SYSTEMS, INC., CT CORPORATION, STE 605 2 NORTH JACKSON ST., MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WALLACE WHITNEY SEALS

WHOSE ADDRESS IS PO BOX 10448, BIRMINGHAM, AL 35202

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of MICHELLE WHITLOW pursuant to the Alabama Rules of the Civil Procedure

8/18/2010 3:41:36 PM
Date

/s ANNE-MARIE ADAMS
Clerk/Register

By

☑ Certified mail is hereby requested

/s WALLACE WHITNEY SEALS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________

____________________ in ____________________ County, Alabama on ____________________

____________________
Date

____________________
Server's Signature



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NATIONAL CREDIT SYSTEMS, INC
CT CORPORATION, STE 605
2 NORTH JACKSON ST.
MONTGOMERY, AL 36104

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 8/23/10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV 10-903001 JVC

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7009 1680 0001 9565 1541

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540


UNITED STATES POSTAL SERVICE
24 AUG 2010 PM
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10
FILED IN OFFICE
AUG 25 2010
ANNE-MARIE ADAMS
Clerk
• Sender: Please print your name, address, and ZIP+4 in this box •
ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHELLE WHITLOW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-2010-903001.00** |
| | ) | |
| **NATIONAL CREDIT SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE TO CLERK OF FILING NOTICE OF REMOVAL**

TO: Anne-Marie Adams
Room 400 Jefferson County Courthouse
716 Richard Arrington, Jr. Boulevard North
Birmingham, Alabama 35203

W. Whitney Seals
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, Alabama 35202-0448

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, in the case of *Michelle Whitlow v. National Credit Systems, Inc. et al*, Civil Action No. 2010-903001, in the Circuit Court of Jefferson County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

DATED this 21st day of September 2010.

Respectfully Submitted,

Neal D. Moore, III
Patrick W. Franklin
*Attorneys for National Credit Systems, Inc.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

**CERTIFICATE OF SERVICE**

This is to certify that on this the 21st day of September 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via US mail, postage prepaid:

W. Whitney Seals
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, Alabama 35202-0448

OF COUNSEL